UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM MILLBROOK, | : | CIVIL ACTION NO. 3:11-cv-131 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | **FILED** |
| | : | **SCRANTON** |
| | : | |
| UNITED STATES OF AMERICA, | : | FEB 1 6 2012 |
| | : | Per_____ |
| Defendant | : | DEPUTY CLERK |

## **MEMORANDUM**

### **Background**

This action pursuant to the Federal Tort Claims Act (FTCA) was initiated by Kim

Millbrook, an inmate presently confined at the United States Penitentiary, Lewisburg,

Pennsylvania (USP-Lewisburg). Named as sole Defendant is the United States of America.

Service of the Complaint was previously ordered.

According to the Complaint, Plaintiff was housed in the USP-Lewisburg Special

Management Unit (SMU) on or about March 5, 2010. On said date, Plaintiff alleges that he was

taken to the basement of the SMU housing unit and "forced to perform oral sex on a

Correctional Officer Pealer while Correctional Officer Edinger held me around my neck in a

choke hold., another Correctional Officer Gimberling stood watch by the door." (Doc. 1, ¶ IV).

Plaintiff adds that those officers also verbally threatened him with further injury in an effort to

dissuade him from reporting the incident. Millbrook seeks relief under the FTCA on the basis

that Officers Pealer, Edinger and Gimberling, while acting within the scope of their employment,

subjected him to sexual assault and battery.[1]

---

[1] A declaration by Plaintiff which accompanies his Complaint indicates that following the
(continued...)

Defendant has responded to the Complaint by filing a motion to dismiss or, in the alternative, for summary judgment. See (Doc. 9). According to the Defendant, Inmate Millbrook was involved in an altercation with his cell mate on the morning of March 4, 2010. As a result, both prisoners were placed in restraints and removed from their cell. The combatants were transferred to separate holding pending injury assessment and photographs. The next day Millbrook asserted that he had been sexually assaulted by correctional staff. Following an internal investigation, which included a medical assessment, Plaintiff's claim was found to be unsubstantiated. See (Doc. 18, p. 4).

In addition to submitting a brief in opposition to said motion, Plaintiff has also filed a cross motion for summary judgment. See (Doc. 24). The cross motions for summary judgment are ripe for disposition.

**Discussion**

**Motion to Dismiss**

Defendant's pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

---

[1](...continued)
alleged incident of March 5, 2010, he was subjected to additional sexual assaults by both correctional staff and another prisoner.

Millbrook also states that he was sexually assaulted by prison staff while previously confined at USP-Terre Haute. Since the only tortious conduct asserted in the Complaint relates to the March 5, 2010 USP-Lewisburg incident those additional allegations will not be considered.

FED. R. CIV. P. 12(b)(d).  The Court will not exclude the evidentiary materials accompanying the Defendant's motion.  Thus, the motion will be treated as solely seeking summary judgment.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party.  Id. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party.  Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).  Unsubstantiated arguments made in briefs are not considered evidence of asserted facts.  Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing

3

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." <u>Celotex</u>, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" <u>Saldana</u>, 260 F.3d at 232 (quoting <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Plaintiff's Summary Judgment Motion**

Middle District of Pennsylvania Local Rule 7.5 requires that a party who files a pretrial motion must submit a brief in support of said motion within fourteen (14) days of its being filed with the court. If a supporting brief is not timely filed, "such motion shall be deemed to be withdrawn."

A review of the docket establishes that Plaintiff has not filed a brief in support of his motion. Moreover, Millbrook's pending motion does not set forth any argument as to why summary judgment should be entered in his favor. An attached certificate of service indicates only that his motion being submitted in opposition to the Defendant's dispositive motion. Since Plaintiff has failed to submit a supporting brief as required by Local Rule 7.5, and his motion offers no basis whatsoever as to why entry of summary judgment in his favor is appropriate, his motion seeking entry of summary judgment (Doc. 24) will be deemed withdrawn.

**Defendant's Summary Judgment Motion**

Defendant's initial argument is that it is entitled to sovereign immunity to the extent that the Complaint is asserting an intentional tort claim because "the incident Millbrook alleges did not occur during the course of an arrest, search, or seizure." (Doc. 18, p. 6).

The FTCA provides a remedy in damages for tortious conduct by employees of the

4

United States. <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963). Under the FTCA, sovereign

immunity is waived against persons suing the federal government for the commission of various

torts. <u>Simon v. United States</u>, 341 F. 3d 193, 200 (3d Cir. 2003). Liability under the FTCA only

exists for conduct by government employees while acting within their scope of employment.

<u>Matsko v. United States</u>, 372 F.3d 556, 559 (3d Cir. 2004). When determining if a defendant

was acting within the scope of his employment at the time of the underlying incident, courts

must look to the law of the state where the incident occurred. <u>Doughty v. United States Postal</u>

<u>Service</u>, 359 F. Supp. 2d 361, 365 (D.N.J. 2005).

 However, the United States is immune from certain intentional torts committed by its

agents. For instance, the United States is not liable for claims arising out of assault and/or

battery committed by federal employees within the scope of their employment unless the

employee was an investigative or law enforcement officer. <u>See</u> 28 U.S.C. § 2680(h), p. 8;

<u>McKinney v. United States</u>, 2005 WL 2335318, * 3 (M.D. Pa. 2005) (McClure, J.) (concluding

that "the United States is not liable for claims arising out of assault and/or battery committed by

federal employees within the scope of their employment unless the employee was an

investigative law enforcement officer"). In the present matter, Defendant does not dispute that

correctional officers may be deemed law enforcement officers for purposes of the FTCA.[2]

 Rather, Defendant contends that Millbrook's FTCA claim is precluded by the Third

Circuit Court of Appeals' interpretation of § 2680(h) in <u>Pooler v. United States</u>, 787 F.2d. 868,

---

[2] Moreover, it has been recognized within this district that BOP staff members may be
considered law enforcement officers. <u>See</u> <u>King v. United States</u>, Civil No. 93-258, slip op. at 2
(M.D. Pa. July 27, 1993) (Kosik, J.); <u>Zakaria v. Bureau of Prisons</u>, Civil No. 95-1787, slip op. at pp.
7-9 (M.D. Pa. April 29, 1998) (McClure, J.).

872 (3d Cir. 1986). In <u>Pooler</u>, the Court of Appeals held that § 2680(h) waives the government's sovereign immunity only in those cases in which a law enforcement or investigative officer commits one of the enumerated intentional torts "while executing a search, seizing evidence, or making an arrest." <u>Id</u>. The Court explained that based on the underlying legislative history that the investigative officer exception should only apply to conduct taken by investigative or law enforcement officers during the course of a search, seizure, or an arrest.[3] <u>Id</u>. at 872.

In <u>Matsko</u>, the Third Circuit Court of Appeals recognized that <u>Pooler</u> set forth a narrow reading of § 2680(h), but declined to undertake a determination as to whether <u>Pooler</u> should be broadened to encompass all activities undertaken by investigative officers. <u>Matsko</u>, 372 F.3d at 560. <u>Pooler</u> remains binding precedent on this Court.

Under <u>Pooler</u>, in order to be actionable under the FTCA, the alleged misconduct had to occur during an arrest, search, or seizure. In the present case, the alleged unconstitutional conduct of March 5, 2010 did not occur during the course of an arrest. Second, the challenged actions were not undertaken during the course of a search. The third enumerated activity set forth in <u>Pooler</u> was seizure.

The most common type of seizure is an arrest which results in detention. Plaintiff contends that based upon the principles announced in <u>Terry v. Ohio</u>, 392 U.S. 1 (1968) (holding that an investigative stop that momentarily detains a person is a seizure), and similar cases, the purported sexual assault occurred during a seizure because he was placed in restraints and taken

---

[3] This Court recognizes that other courts not bound by the <u>Pooler</u> holding have adopted a broader view. <u>See</u> <u>Oritz v. Pearson</u>, 88 F. Supp. 2d 151, 164-65 (S.D. N.Y. 2000).

to the basement of the SMU.[4]  In <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 223 (3d Cir.

1998), the Third Circuit Court of Appeals recognized that "Supreme Court decisions provide

that a seizure is a show of authority that restrains the liberty of a citizen." It added that an

intentional limitation of liberty constitutes a seizure.  <u>See</u> <u>id</u>. at 225.

Based on Millbrook's allegations it would appear that there is a genuine issue as to

whether the placement of Plaintiff in handcuffs and his being escorted to the basement of the

SMU constituted a seizure.  However, in <u>Pooler</u>, the Third Circuit Court of Appeals clearly

indicated that seizure for purposes of § 2680(h) refers only to the seizure of evidence.  <u>Pooler</u>,

787 F.3d at 872.  In the present case, there are no facts alleged which could support a

determination that the alleged conduct of March 5, 2010, occurred during a seizure of evidence

as contemplated by <u>Pooler</u>.

Thus, although the purported conduct in the present case is troubling, it did not take

place during an arrest, search, or seizure of evidence.  Therefore, Plaintiff cannot obtain relief

under the FTCA.  <u>See</u> <u>McKinney</u>, 2005 WL 2335318 at * 4.  Since the alleged assault did not

transpire during one of the enumerated acts recognized under <u>Pooler</u>, entry of summary

judgment in favor of the Defendant with respect to Millbrook's FTCA allegations of assault and

battery is warranted.

Finally, although Plaintiff also raises assertions of negligence in his Complaint, it is clear

that the alleged assault and battery was intentional.  Therefore, Millbrook has not stated a

---

[4]  A declaration (Doc. 21) submitted by Plaintiff in opposition to the request for summary judgment raises various new claims against USP-Lewisburg officials including assertions that he was improperly denied single cell status and was not protected from being assaulted from other prisoners; however, because these claims are not asserted in the Complaint they are not properly before this Court.

negligence claim upon which relief can be granted.  See Hall v. United States, 2008 WL

919605* 5  (M.D. Pa. April 2, 2008) (Rambo, J.).

An appropriate Order will enter.

_____

**United States District Judge**

**DATED**: FEBRUARY 16, 2012