**ALD-155**                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1531
_____

UNITED STATES OF AMERICA

v.

KIM MILLBROOK,
                Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-00131)
District Judge: Honorable William J. Nealon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2012
Before: SLOVITER, FISHER and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed April 23, 2012)
_____

OPINION
_____

PER CURIAM.

      Kim Millbrook, an inmate housed at the United States Penitentiary, Lewisburg Pennsylvania (USP-Lewisburg), appeals from an order of the District

1

Court granting defendant's motion for summary judgment. For substantially the same reasons provided by the District Court, we will affirm.

I.

Millbrook filed a complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§2671-2680, naming as defendant the United States of America. According to the complaint, Millbrook was subjected to sexual assault while housed in the Special Management Unit (SMU) at USP-Lewisburg on or about March 5, 2010. On that date, Millbrook alleged that he was taken to the basement of the SMU and forced to perform oral sex on Correctional Officer Pealer while Correctional Officer Edinger held his neck and Correctional Officer Gimberling stood watch by the door. He also claimed that he was verbally assaulted during the incident.

Defendant filed a motion to dismiss or in the alternative for summary judgment, which the District Court granted. According to the defendant, Millbrook was involved in an altercation with his cell mate on the morning of March 4, 2010. As a result, both prisoners were placed in restraints and removed from their cell. They were then transferred to separate holding cells pending injury assessment and photographs. Millbrook claims that he was assaulted the next day

by correctional staff. Following an internal investigation, which included a medical assessment, Millbrook's claim was found to be unsubstantiated.

After reviewing Millbrook's response to defendant's motion, the District Court concluded that the defendant was entitled to summary judgment because Millbrook's FTCA claim is precluded by Pooler v. United States, 787 F.2d 868, 872 (3d Cir. 1986). This appeal followed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). The District Court's grant of summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). An issue is material if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

We may summarily affirm if Millbrook's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

III.

Millbrook contends that the defendant is liable under the FTCA for the alleged assault on March 5, 2010. Under 28 U.S.C. § 2680(h), the United States is generally not liable for intentional torts of its employees except for certain intentional torts committed by investigative or law enforcement officers. See 28 U.S.C. § 2680. We have limited claims that arise under § 2680(h) to cases in which an intentional tort is committed by a law enforcement or investigative officer while executing a search, seizing evidence, or making arrests for violations of federal law. Pooler, 787 F.2d at 872. Defendant argued that because the alleged assault did not arise out of conduct during an arrest, search, or seizure, Millbrook's tort claim is not cognizable.

Defendant did not dispute that correctional officers may be deemed law enforcement officers for purposes of the FTCA. Assuming arguendo that they are, to the extent that Millbrook alleges that handcuffing and taking him to the basement of the SMU amounts to an unconstitutional seizure, we agree with the District Court that Pooler limits the term "seizure" to the seizure of evidence. Id. Further, Millbrook did not allege that the alleged conduct occurred in the course of an arrest for a violation of federal law, or during the course of a search. See 28 U.S.C. § 2680(h). Thus, we agree with the District Court that while the alleged

4

conduct is troubling, Millbrook has not shown that he is entitled to relief under the FTCA.[1]

As Millbrook's appeal presents no substantial question, we will summarily affirm the District Court judgment.  See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.  Millbrook's motions for appointment of counsel are denied.

---

[1] We also agree with the District Court that although Millbrook raises assertions of negligent behavior on the part of the correctional officers, it is clear that the alleged actions were intentional.  Indeed, Millbrook stated in his complaint that he was "sexually assaulted and battered maliciously with evil intent by officers Pealer, Edinger and Gimberling."  See Complaint at 5.  Therefore, we agree that he did not state a negligence claim upon which relief could be granted.  See Fed. R. Civ. P. 12(b)(6).

5