UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KIM MILLBROOK, :
    Plaintiff : CIVIL ACTION NO. 3:11-CV-0131
: (Judge Nealon)
v. :
:
:
UNITED STATES OF AMERICA, :
    Defendant :

## MEMORANDUM

### Background

This pro se complaint pursuant to the Federal Tort Claims Act ("FTCA") was filed by Kim Millbrook, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"). Presently pending is Plaintiff's third motion to compel discovery. (Doc. 93). The motion has been briefed and is ripe for consideration.

Plaintiff alleges that while confined in the USP-Lewisburg Special Management Unit ("SMU") on or about March 5, 2010, he was taken to the basement of the SMU housing unit and "forced to perform oral sex on a Correctional Officer Pealer while Correctional Officer Edinger held me around my neck in a choke hold. Another correctional officer Gemberling stood watch by the door." (Doc. 1, ¶ VI). The Complaint adds that those officers also verbally threatened Millbrook with further injury in an effort to prevent the inmate from

reporting the incident. Millbrook seeks FTCA relief on the basis that Officers Pealer, Edinger, and Gemberling while acting within the scope of their employment subjected him to sexual assault and battery.

By Order dated October 23, 2013, the parties were directed to confer in a good faith effort to resolve by agreement five (5) discovery issues outlined by Millbrook in a previously filed motion to compel discovery. (Doc. 71). The Order also gave Plaintiff the opportunity to thereafter file a properly supported motion to compel with respect to any unresolved discovery issues.

By Order dated August 27, 2014, Plaintiff's second motion to compel discovery, (Doc. 78), was partially granted. (Doc. 89). Specifically, the Defendant was directed to either provide Plaintiff with copies of any documents responsive to the remaining portions of Request # 1[1] and Request # 3[2] or alternatively provide him with a clear explanation as to the nature of its objections to said discovery requests and its understanding as to the details of the agreement reached by BOP counsel.

---

[1] Request # 1 sought production of all written misconduct and incident reports, lawsuits, criminal convictions, or out of court settlements pertaining to inmate or sexual assaults claims against Pealer, Edinger, and Gemberling.

[2] Request # 3 sought production of all documents created after March 4, 2010 relating to safety issues stemming from staff on inmate physical or sexual assaults at USP-Lewisburg.

2

As noted above, Request # 3 sought production of all documents created after March 4, 2010 relating to safety issues stemming from staff on inmate physical or sexual assaults at USP-Lewisburg. Millbrook's pending motion to compel indicates that although the Defendant provided him with copies of internal investigative reports in response to Request # 3, those reports were redacted in part. As relief, Millbrook's latest motion to compel seeks production of unredacted versions of those investigative reports as well as the imposition of monetary sanctions.

Defendant's opposing brief asserts that Plaintiff was provided with the discovery he sought and that the redaction of information, the names of the alleged inmate victims and any inmate witness names from the Office of Internal Affairs investigative reports provided to the Plaintiff was appropriate because the production of the personal information sought by Millbrook would violate the Privacy Act.[3] See (Doc. 94, p. 5).

**Discussion**

It is well-settled that Federal Rule of Civil Procedure 26 establishes a liberal discovery policy. Great West Life Assurance Co. v. Levithan, 152 F.R.D.

---

[3] The Privacy Act, 5 U.S.C. § 552a(b)(6), precludes production of personnel and medical files and similar files the disclosure of which would constitute a clear and unwarranted invasion.

3

494, 497 (E.D. Pa. 1994). Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information.[4] Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

However, the burden is on objecting parties to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party objecting to discovery must show that the requested materials do not fall "within the broad

---

[4] Relevancy is not limited to the precise issues set out in the pleadings. Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994).

4

scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987); see Jackson v. Beard, 2014 U.S. Dist. LEXIS 108454, at *13 (M.D. Pa. 2014) (Kosik, J.) (quoting Burke, 115 F.R.D. at 224); Banks v. Beard, 2013 U.S. Dist. LEXIS 99905, at *5 (M.D. Pa. 2013) (Munley, J.) (quoting Burke, 115 F.R.D. at 224).

The redacted information sought by the Plaintiff appears to have only marginal relevance to the subject matter of his FTCA claims. Second, the protection of the privacy rights of victims of assault is a legitimate and well settled interest. Based upon the information provided by Defendant's counsel,[5] this Court agrees that the redaction of information which could identify an inmate as being the victim of a physical or sexual assault was appropriate. It is equally apparent that redaction of the names of any inmate witnesses who may have cooperated in internal prison investigations was proper. Consequently, under the rationale set forth in Burke, the potential harm of compelling discovery of any such information far outweighs its potential marginal relevance. The motion to compel will be denied

---

[5] Defense counsel, as an officer of the court, has a duty and obligation to be candid with the court.

Finally, since it has been determined that Defendant has sufficiently satisfied its discovery obligations, the Court will deny Plaintiff's request for imposition of monetary sanctions.

A separate Order will be issued.

Date: September 3, 2015 /s/ William J. Nealon
**United States District Judge**